IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**DWIGHT D. HENLEY,**

        **Petitioner,**

**v.**                                                          **Civil Action No.: 3:22-CV-86**
                                                                       **(GROH)**

**McCAFFERY,**

        **Respondent.**

## **REPORT AND RECOMMENDATION**

### **I.  INTRODUCTION**

On May 11, 2022, Petitioner, an inmate at Hazelton FCI, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"), challenging the calculation of his sentence. ECF No. 1.[1] On June 28, 2022, Petitioner paid the filing fee. ECF No. 17.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed with prejudice.

---

[1] ECF Numbers cited herein refer to case number 3:22-CV-86 unless otherwise noted.

## II.     FACTUAL AND PROCEDURAL HISTORY

### A.     Conviction and Sentence in and Appeal from the Western District of Pennsylvania[2]

On September 16, 2015, an indictment was returned in case number 2:15-CR-199 in the Western District of Pennsylvania, which among other offenses charged Petitioner: (1) in Count 1 with being a prohibited person in possession of a firearm, in violation of 18 U.S.C. §§ 922(g), and 924(e); and (2) in Count 2 with possession with intent to distribute a controlled substance (marijuana), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D). ECF No. 1.  On September 25, 2017, Petitioner entered a guilty plea to Counts 1 and 2 of the indictment.  ECF No. 84.  On February 15, 2018, Petitioner was sentenced to 199 months of imprisonment as to Count 1, and 120 months as to Count 2, with those sentences to be served concurrently with one another.  ECF No. 103.  Petitioner's projected release date is March 26, 2033.  https://www.bop.gov/inmateloc/.  See also ECF No. 22-9 at 2 in the instant case.

On February 28, 2018, Petitioner field a notice of appeal.  ECF No. 105.  By order entered February 5, 2019, the Third Circuit Court of Appeals, in that court's docket number 18-1428, affirmed the judgment of the district court.  ECF No. 109.

A review of the docket and PACER shows that Petitioner did not file a motion to vacate his conviction or sentence pursuant to 28 U.S.C. § 2255.

---

[2] Throughout section II.A. all ECF numbers refer to entries in the docket of Criminal Action No. 2:15-CR-199 in the Western District of Pennsylvania.  Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

**B.     Instant Petition for Habeas Corpus Under § 2241**

On May 31, 2022, the Petitioner filed the Court-approved form for a petition for habeas corpus under 28 U.S.C. § 2241 in this Court.  ECF No. 12.  Petitioner's sole claim for relief asserts that the Bureau of Prisons unlawfully failed to give him all the credit for time served to which he is entitled, specifically time spent in Pennsylvania state prison and "unlawfully revoked good time (e.g., 'street time') credits" which Petitioner earned while on supervised release.  Id. at 5.  Petitioner asks this Court to grant him credit for 1,573 days of "street time credit spent in state and federal custody which were unlawfully revoked."  Id. at 8.

On July 27, 2022, Respondent filed a motion to dismiss, or in the alternative for summary judgment, along with exhibits.  ECF Nos. 22, 22-1 through 10-13.  Therein, Respondent argues that Petitioner is not entitled to federal credit for time spent in state custody because that time was credited toward his state sentence.  ECF No. 22-1 at 5 – 7.  Petitioner was granted credit for his incarceration as follows:

1.     February 23, 2015, — August 31, 2015: State credit [ECF 22-2 at 1];

2.     September 1, 2015, — February 20, 2018[3]: Federal credit [Id. at 2 – 3];

3.     February 21, 2018, — July 28, 2021: State credit [Id.]; and

4.     July 28, 2021, — present: Federal credit [Id. at 2].

Respondent argues that Petitioner properly received no presentence credit from February 23, 2015, through August 31, 2015, and from February 21, 2018, through July 28, 2021,

---

[3] Although Petitioner was in state custody at this time, he was credited this 904-day period toward his federal sentence because "the state did not apply this time to his parole violation."  ECF No. 22-2 at 2 - 3.

3

because all that time was credited toward Petitioner's state sentence.[4]  Id. at 7.  On July 28, 2021, Petitioner was released to the primary federal custody of the United States Marshal Service after he satisfied his state sentences.  ECF No. 22-2 at 2.  Petitioner received federal prior custody credit from September 1, 2015, through February 20, 2018, which totaled 904 days, because Pennsylvania did not apply that time to Petitioner's state parole violation.  ECF Nos. 21-1 at 7, 22-2 at 3.

Petitioner filed a response on August 10, 2022, wherein Petitioner argued that he was entitled to 1,573 of "street time credit" accrued while Petitioner was on supervised release.  ECF No. 25 at 1.  Petitioner argues that instead of receiving credit toward his federal sentence for 1,573 days which he served on supervised release, instead that time was "added to the maximum expiration date of his original sentence." Id. at 2.  Petitioner argues that the action taken by BOP violates Pennsylvania state law.  Id.  As part of his response, Petitioner requested that counsel be appointed to represent him.  Id. at 4.

On August 16, 2022, Respondent filed a reply, which relied on the arguments made in the motion to dismiss or for summary judgment.  ECF No. 26.  Respondent further addressed Petitioner's argument related to the Pennsylvania Board of Probation and Parole "which has no bearing on the Bureau of Prisons calculation of his federal sentence." Id. at 1.

### III. LEGAL STANDARD

#### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules

---

[4] Petitioner was in federal custody pursuant to a writ of habeas corpus ad prosequendum from October 15, 2015, through February 21, 2018.  ECF No. 22-1 at 2.

of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B.     Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[5] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges

---

[5] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

> not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

### D. Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted. The Federal Rules of Civil Procedure require only, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570. In Twombly, the Supreme Court found that, "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true a legal conclusion couched as a factual allegation. Id. at 678. "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Thus, a well-pleaded complaint must offer more than, "a sheer possibility that a defendant has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

### E. Motion for Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(a), the Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In applying the standard for summary judgment, the Court must review all the evidence in the light most favorable to the nonmoving party. Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion to, "demonstrate the absence of a genuine issue of material fact." 477 U.S. at 323. Once "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

"The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a verdict." Anderson, supra, at 256. Thus, the nonmoving party must present specific facts showing the existence of a genuine issue for trial, meaning that "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but must set forth specific facts showing that there is a genuine issue for trial." Id. The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Id. at 248.

To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, supra, at 248.

Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, supra, at 587. "Where the record as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. citing First Ntl. Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 155, 1592 (1968). See Miller v. Fed. Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). Although any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion, where, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate.

Matsushita, supra, at 587-88. Anderson, supra, at 248-49.

## IV. ANALYSIS

Because the Petitioner is challenging the computation of his sentence, the consideration of his claims under § 2241 is appropriate.

The United States Supreme Court has long recognized that 18 U.S.C. § 3585(b) does not authorize a district court to compute a defendant's jail credit at sentencing. United States v. Wilson, 503 U.S. 329, 334 (1992). Rather, it is the United States Attorney General, acting through the BOP, who is responsible for computing an inmate's term of confinement. This computation includes the determination of when the sentence commenced and the amount of credit for time served following a federal conviction and sentencing. Id. at 333. In making this computation, the BOP must adhere to 18 U.S.C. § 3585 which provides as follows:

> (a) Commencement of sentence.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence, at the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> > (1) as a result of the offense for which the defendant was arrested; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

In Wilson, the Supreme Court expressly rejected Wilson's argument that § 3585(b) authorizes a district court to award credit at sentencing, reasoning that:

> Section 3585 indicates that a defendant may receive credit against a sentence that "*was imposed*." It also specifies that the amount of the credit depends on the time that the defendant "*has spent*" in official detention "prior to the date the sentence commences." Congress' use of a verb tense is significant in construing statutes. By using these verbs in the past and present perfect tenses, Congress has indicated that computation of the credit must occur after the defendant begins his sentence. A district court, therefore, cannot apply § 3585(b) at sentencing.

Wilson, supra, at 333 (emphasis in original, internal citations omitted).

In the instant case, the Petitioner seeks credit for the time he served on supervised release, and while in state custody in Pennsylvania, before he was released to commence his federal sentence imposed in the Western District of Pennsylvania. Petitioner asserts that the Bureau of Prisons incorrectly calculated his sentence. ECF No. 1 at 5.

Although Petitioner's federal sentence was imposed on February 15, 2018, at that time Petitioner was only in temporary custody of the U.S. Marshals Service pursuant to a Writ of Habeas Corpus Ad Prosequendum. ECF Nos. 22-1 at 2. After imposition of sentence, Petitioner was returned to state custody on February 21, 2018, with a federal detainer pending disposition of his state parole violation. Id. Thereafter, Pennsylvania revoked Petitioner's parole, and his original sentence in case numbers CR6858-2007 and CR17860-2006. Id. Petitioner was released from state custody on July 28, 2021, and commenced his federal sentence on that date. Petitioner was granted 904 days of prior custody credit from September 1, 2015, through February 20, 2018, because Pennsylvania did not apply that time to Petitioner's parole violation.

Petitioner's service of his state sentence in Pennsylvania prior to commencement of his federal sentence prohibited him from receiving simultaneous credit for that state custody which was credited toward his Pennsylvania sentence. Consistent with 18 U.S.C. § 3585(b), a "defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence."

Petitioner's federal sentence was imposed February 15, 2018. Generally, when a Petitioner is in state custody at the time his federal sentence is imposed, he cannot receive credit for the time he was incarcerated toward his federal sentence. However, here, the time when Petitioner was "borrowed" by federal officials under a writ of Habeas Corpus Ad Prosequendum, Pennsylvania did not credit that time toward Petitioner's state parole violation. Thus, although Petitioner was taken into temporary custody of United States Marshals from October 16, 2015, through February 20, 2018, by way of a federal Habeas Corpus Ad Prosequendum, during that temporary custody he remained in the primary custody of the state of Pennsylvania and should have received credit for time towards his state sentence.

The Fourth Circuit has recognized that:

> A federal sentence does not begin to run, however, when a prisoner in state custody is produced for prosecution in federal court pursuant to a federal writ of habeas corpus *ad prosequendum.* Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation.

United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998) (citing Thomas v. Whalen, 962 F.2d 358, 361 n. 3 (4th Cir.1992); and Thomas v. Brewer, 923 F.2d 1361, 1366–67 (9th

Cir. 1991) (producing state prisoner under writ of habeas corpus *ad prosequendum* does not relinquish state custody)). Because Pennsylvania did not apply that time to Petitioner's state parole violation, he was instead granted credit toward his federal sentence, because that time had "not been credited against another sentence," as required by § 3585(b).

Accordingly, BOP, appropriately determined the date that Petitioner started his sentence was the date he was taken into federal custody, consistent with the provisions of 18 U.S.C. §§ 3585(b), and by granting him credit for time not credited toward his state parole violation.

Although Petitioner asserts that the Bureau of Prisons incorrectly calculated his sentence, and refuses to grant him credit for time served in state custody and for his time spent on supervised release, it is clear from 18 U.S.C. §§ 3585, 3621 and 3632 and the holding of Wilson, that neither the warden nor the Court calculate sentences for federal inmates. That task is the exclusive responsibility of the Bureau of Prisons, and it is clear from Wilson and other holdings that this Court may not usurp the Bureau of Prisons' authority. Moreover, it is clear from a review of the § 3585 that Petitioner's sentence was properly calculated to commence on the date he was released from state custody and entered federal custody, with credit for 904 days which was not credited toward his state sentence. Thus, Petitioner has received all custody credit to which he was entitled, and his request for relief is without merit.

## V. RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 12] be **DENIED** and that the § 2241 proceeding

be **DISMISSED WITH PREJUDICE** because sentences are properly calculated only by the Bureau of Prisons, and this Court is unable to provide the relief requested.

It is further **RECOMMENDED** that Respondent's motion to dismiss or for summary judgment [ECF No. 22] be **GRANTED**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court

for the Northern District of West Virginia.

    DATED:    September 9, 2022

                                      /s/ *Robert W. Trumble*
                                      ROBERT W. TRUMBLE
                                      UNITED STATES MAGISTRATE JUDGE